SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
DANIEL N. YANNUZZI, Cal. Bar No. 196612
dyannuzzi@sheppardmullin.com
KAYLA E. PAGE, Cal. Bar No. 291996
KPage@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone:  858.720.8900
Facsimile:   858.509.3691

Attorneys for Defendant
WEB 4 HALF, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUXOTTICA GROUP S.P.A., an Italian corporation,<br><br>                Plaintiff,<br><br>        v.<br><br>WEB 4 HALF, LLC, a North Carolina limited liability company, et al.,<br><br>                Defendants. | Case No. 3:15-cv-01665-JAH-NLS<br><br>ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS<br><br>DEMAND FOR JURY TRIAL<br><br>Judge:  Hon. Anthony J. Battaglia |

Now comes the Defendant, WEB 4 HALF LLC ("Defendant" or "Web 4 Half"), by and through counsel, for its answer to the Complaint of the Plaintiff, Luxottica Group S.P.A. ("Plaintiff" or "Luxottica"), states as follows:

### FIRST DEFENSE

### (Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) –

### Third Claim for Relief)

Luxottica's Third Claim for Relief, trademark dilution under 15 U.S.C. § 1125(c), fails to state a claim upon which relief can be granted because that claim, at best, alleges only legal conclusions, elements of the cause of action, and bare

-1-

assertions devoid of further factual enhancement. Thus, Luxottica's Third Claim for Relief is not constituted of well-pled facts and should be dismissed under Rule 12(b)(6) accordingly.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–684 129 S.Ct. 1937, 1949–52 (2009).

## SECOND DEFENSE

### (Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) – All Claims)

Luxottica's Complaint fails to state a claim for relief against Web 4 Half upon which relief can be granted and should be dismissed accordingly under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

### (Response to Numbered Paragraphs)

Web 4 Half denies each and every allegation in Luxottica's Complaint, including its prayers for relief, except those that have been expressly admitted herein. Web 4 Half further responds to the specific allegations of Plaintiff's Complaint, in accordance with the order and number of the paragraphs in which they are set out, as follows:

## THE PARTIES[1]

1. Web 4 Half lacks sufficient knowledge or information to form a basis or belief as to the truthfulness of the allegations in paragraph 1 of the Complaint and therefore denies the same.

2. Web 4 Half admits that it is a limited liability company organized and existing under the laws of the state of North Carolina and has a principal place of business at 2327 Englert Drive, Suite 302, Durham, North Carolina 27713. Except as expressly admitted, Web 4 Half denies the remaining allegations in paragraph 2 of the Complaint.

---

[1] For ease of reference, Web 4 Half adopts in this Answer certain headings and certain of the capitalized terms used by Plaintiff in its Complaint. The use of these headings and terms is not an admission of any of the allegations or characterizations in the Complaint, all of which are denied except as expressly admitted herein.

-2-

3.    Web 4 Half admits that it has conducted business in this judicial district but denies having committed any federal or common law trademark infringement, false designation of origin, trademark dilution, or unfair competition.

**JURISDICTION AND VENUE**

4.    Web 4 Half admits that this action alleges the causes of action that Luxottica states in paragraph 4 of the Complaint. Except as expressly admitted, the allegations in paragraph 4 of the Complaint are denied.

5.    Web 4 Half admits that this Court has original subject matter jurisdiction over the claims asserted by Luxottica. Web 4 Half denies that this Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1116(a).

6.    Web 4 Half admits that this Court has personal jurisdiction over Web 4 Half, but specifically denies having sold infringing eyewear. Except as expressly admitted, the allegations in paragraph 6 of the Complaint are denied.

7.    Web 4 Half admits that venue is proper in this judicial district under 28 U.S.C. § 1391 (b)–(d).

**GENERAL ALLEGATIONS**

8.    Web 4 Half lacks sufficient knowledge or information to form a basis or belief as to the truthfulness of the allegations in paragraph 8 of the Complaint, and, therefore, it denies the same.

9.    Web 4 Half denies that Luxottica's use of the term "WAYFARER" has been exclusive. Web 4 Half lacks sufficient knowledge or information to form a basis or belief as to the truthfulness of the remaining allegations in paragraph 9 of the Complaint, and therefore, it denies the same.

10.    Web 4 Half denies the allegations in paragraph 10 of the Complaint.

11.    Web 4 Half admits that records available through the Trademark Status and Document Retrieval ("TSDR") system on the United States Patent and Trademark Office ("USPTO") website show that Luxottica is the owner of Trademark Registration No. 595,513.

12.     Web 4 Half admits that the records available through the TSDR system on the USPTO website show that Trademark Registration No. 595,513 was registered with the USPTO on September 21, 1954 for sunglasses. Web 4 Half admits that the document attached to the Complaint as Exhibit A speaks for itself.

13.     Web 4 Half denies the allegations in paragraph 13 of the Complaint.

14.     Web 4 Half admits that Luxottica has alleged infringement of its alleged mark following its ownership of the alleged mark. Web 4 Half specifically denies having infringed Luxottica's alleged mark. Except as expressly admitted, the allegations in paragraph 14 of the Complaint are denied.

15.     Web 4 Half denies the allegations in paragraph 15 of the Complaint.

16.     Web 4 Half denies the allegations in paragraph 16 of the Complaint.

17.     Web 4 Half denies the allegations in paragraph 17 of the Complaint.

18.     Web 4 Half denies the allegations in paragraph 18 of the Complaint.

19.     Web 4 Half admits that Luxottica has not given Web 4 Half an express license, permission, or authority to use Luxottica's alleged mark, but specifically denies that any use of Luxottica's alleged mark constitutes federal or common law trademark infringement, false designation of origin, trademark dilution, or unfair competition.

20.     Web 4 Half denies the allegations in paragraph 20 of the Complaint.

21.     Web 4 Half denies the allegations in paragraph 21 of the Complaint.

## ANSWER TO FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement)

### (15 U.S.C. § 1114)

22.     Web 4 Half repeats its responses to paragraphs 1–22 of the Complaint as if set forth fully herein.

23.     Web 4 Half admits that this claim alleges trademark infringement under 15 U.S.C. § 1114.

24.     Web 4 Half denies the allegations in paragraph 24 of the Complaint.

-4-

25.     Web 4 Half denies the allegations in paragraph 25 of the Complaint.

26.     Web 4 Half denies the allegations in paragraph 26 of the Complaint.

27.     Web 4 Half denies the allegations in paragraph 27 of the Complaint.

28.     Web 4 Half denies the allegations in paragraph 28 of the Complaint.

29.     Web 4 Half denies the allegations in paragraph 29 of the Complaint.

## ANSWER TO SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition & False Designation of Origin)

### (15 U.S.C. § 1125(a))

30.     Web 4 Half repeats its responses to paragraphs 1–22 of the Complaint as if set forth fully herein.

31.     Web 4 Half admits this claim alleges unfair competition and false designation of origin under 15 U.S.C. § 1125(a).

32.     Web 4 Half denies the allegations in paragraph 32 of the Complaint.

33.     Web 4 Half denies the allegations in paragraph 33 of the Complaint.

34.     Web 4 Half denies the allegations in paragraph 34 of the Complaint.

35.     Web 4 Half denies the allegations in paragraph 35 of the Complaint.

36.     Web 4 Half denies the allegations in paragraph 36 of the Complaint.

## ANSWER TO THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution)

### (15 U.S.C. § 1125(c))

37.     Web 4 Half repeats its responses to paragraphs 1–37 of the Complaint as if set forth fully herein.

38.     Web 4 Half admits this claim alleges trademark dilution under 15 U.S.C. § 1125(c).

39.     Web 4 Half lacks sufficient knowledge or information to form a basis or belief as to the truthfulness of the allegations in paragraph 39, and therefore, denies the same.

SMRH:474876748.2
PPAB 3105265v2

40.     Web 4 Half lacks sufficient knowledge or information to form a basis or belief as to the truthfulness of the allegations in paragraph 40, and therefore, denies the same.

41.     Web 4 Half denies the allegations in paragraph 41 of the Complaint.

42.     Web 4 Half denies the allegations in paragraph 42 of the Complaint.

43.     Web 4 Half denies the allegations in paragraph 43 of the Complaint.

44.     Web 4 Half denies the allegations in paragraph 44 of the Complaint.

45.     Web 4 Half denies the allegations in paragraph 45 of the Complaint.

46.     Web 4 Half denies the allegations in paragraph 46 of the Complaint.

**ANSWER TO FOURTH CLAIM FOR RELIEF**

**(California Common Law Trademark Infringement)**

47.     Web 4 Half repeats its responses to paragraphs 1–47 of the Complaint as if set forth fully herein.

48.     Web 4 Half admits this claim alleges trademark infringement under California common law.

49.     Web 4 Half denies the allegations in paragraph 49 of the Complaint.

50.     Web 4 Half denies the allegations in paragraph 50 of the Complaint.

51.     Web 4 Half denies the allegations in paragraph 51 of the Complaint.

52.     Web 4 Half denies the allegations in paragraph 52 of the Complaint.

**ANSWER TO FIFTH CLAIM FOR RELIEF**

**(California Unfair Competition)**

53.     Web 4 Half repeats its responses to paragraphs 1–53 of the Complaint as if set forth fully herein.

54.     Web 4 Half admits this claim alleges unfair competition under California Business & Professions Code § 17200, et seq. and California common law.

55.     Web 4 Half denies the allegations in paragraph 55 of the Complaint.

56.     Web 4 Half denies the allegations in paragraph 56 of the Complaint.

SMRH:474876748.2

PPAB 3105265v2

57.     Web 4 Half denies the allegations in paragraph 57 of the Complaint.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

Upon information and belief, and for the reasons set forth in paragraphs 6 – 18 of Web 4 Half's Counterclaim which are fully incorporated by reference as if set forth fully herein, Luxottica's alleged mark, the term "WAYFARER," has become generic when used in connection with a mid-century modern style of eyewear having trapezoidal lenses, a thick frame, and protrusions along the upper corners.

### SECOND AFFIRMATIVE DEFENSE

Luxottica's claims are barred by the doctrine of fair use because Web 4 Half is not using Luxottica's alleged trademark as a source indicator but, rather, as a generic term that has come to mean a mid-century modern style of eyewear having trapezoidal lenses, a thick frame, and protrusions along the upper corners.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, and for the reasons set forth in paragraphs 6 – 18 of Web 4 Half's Counterclaim which are fully incorporated by reference as if set forth fully herein, there is and has long been widespread use of Luxottica's alleged mark by numerous third parties throughout the relevant market and trade in connection with the advertising and sale of a mid-century modern style of eyewear having trapezoidal lenses, a thick frame, and protrusions along the upper corners, which uses, on information and belief, neither Luxottica nor its predecessors-in-interest challenged, and Luxottica has therefore acquiesced and/or consented to nonexclusive use of the term in connection with such goods.

### FOURTH AFFIRMATIVE DEFENSE

For the reasons set forth in the Third Defense and in paragraphs 6 – 18 of Web 4 Half's Counterclaim which are fully incorporated by reference as if set forth

SMRH:474876748.2

PPAB 3105265v2

fully herein, each of the purported claims set forth in this Complaint is barred by the doctrines of waiver, acquiescence, and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred by the doctrine of laches because, as alleged above in connection with the Third and Fourth Affirmative Defenses and for the reasons set forth in paragraphs 6 – 18 of Web 4 Half's Counterclaim which are fully incorporated by reference as if set forth fully herein, Luxottica and/or its predecessors-in-interest unreasonably delayed efforts to enforce alleged rights in Luxottica's alleged mark, despite full awareness of the widespread third party use of such alleged mark in the relevant trade and by consumers.

### SIXTH AFFIRMATIVE DEFENSE

There is no basis for the award of attorneys' fees under on 15 U.S.C. § 1117 because Plaintiff has not alleged any exceptional circumstances meriting such award.

### RESERVATION OF AFFIRMATIVE DEFENSES

Web 4 Half reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or that may become available in the future, based on discovery or other factual investigation of this case.

### COUNTERCLAIM

Pursuant to Federal Rule of Civil Procedure 13, Defendant and Counter-Claimant Web 4 Half, LLC ("Web 4 Half"), counterclaims against Plaintiff and Counter-Defendant Luxottica Group S.P.A. ("Luxottica"), as follows:

### NATURE OF THE ACTION

1.       This is an action brought under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*

-8-

**THE PARTIES**

2.      Web 4 Half, LLC is a limited liability company organized and existing under the laws of the state of North Carolina having its principal place of business at 2327 Englert Drive, Suite 302, Durham, North Carolina 27713.

3.      Upon information and belief, Luxottica Group S.P.A. is a corporation organized and existing under the laws of the Republic of Italy, having its principal place of business at Piazzale Luigi Cadorna 3, Milan, 20123 Italy.

**JURISDICTION AND VENUE**

4.      Web 4 Half's counterclaims arise under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. 2201–02. This Court has original subject matter jurisdiction over Web 4 Half's counterclaims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  Personal jurisdiction over Counter-Defendant Luxottica is based, *inter alia*, upon its consent to jurisdiction as evidenced by its filing of the instant lawsuit in this District.  As reflected in the Complaint, there is an actual case and controversy between Web 4 Half and Luxottica.

5.      Venue for Web 4 Half's counterclaims is proper in this District under 28 U.S.C. §§ 1391(b).

**GENERAL ALLEGATIONS**

6.      Luxottica's complaint alleges that Web 4 Half infringed its "Wayfarer" registered U.S. Trademark pursuant to 15 U.S.C. §§ 1114 and 1125(a).

7.      Web 4 Half denies any alleged infringement of the asserted mark by virtue of its answer and counterclaims.

8.      Upon information and belief, numerous third parties throughout the United States utilize the term "Wayfarer" in naming, advertising and promoting their goods and services.  These include numerous websites advertising sunglass styles including a mid-century modern style of eyewear having trapezoidal lenses, a thick frame, and protrusions along the upper corners referred to as "Wayfarers"

1  which are not affiliated with Plaintiff.  For example, on the Zumiez website, a

2  variety of "Wayfarer" sunglasses are advertised.  *See*

3  http://www.zumiez.com/accessories/sunglasses/wayfarer.html.

4        9.        Similarly, on FRAMESDIRECT.COM, which is an on-line seller of

5  premium eyewear (http://www.framesdirect.com/landing/a/mens-wayfarer-

6  eyewear.html), "Men's Wayfarer Eyeglasses" are advertised.  These include frames

7  manufactured by Ray-Ban as well as Gucci, Chesterfield, Nike, and Superdry.

8  Under "Men's Wayfarer Prescription Sunglasses," the site advertises sunglasses

9  manufactured by Ray-Ban, Persol, and Maui Jim.

10       10.       A search on Amazon.com for "Wayfarer sunglasses" shows both Ray-

11 Ban "Wayfarer" sunglasses as well as "Retro Rewind Classic Polarized Wayfarer

12 Sunglasses" by Retro Rewind, "Designer Wayfarer Sunglasses" by California,

13 "New Stylish Retro Vintage Wayfarer" sunglasses by Owl, "Wayfarer Sunglasses

14 Classic 80's Vintage Style Design" by Retro Optix, "Wayfarer Sunglasses" by Eye

15 Love, "Retro Wayfarer" sunglasses by MoDA, "Wayfarer Sunglasses" by WearMe

16 Pro, and many other sunglasses styled as "Wayfarers."  *See* screen shot attached as

17 Exhibit 1.

18       11.       Tom Ford's website, www.tomford.com, advertises Henry Vintage

19 "Wayfarer" Sunglasses.  *See* http://www.tomford.com/henry-vintage-wayfarer-

20 sunglasses/FT0248.html.

21       12.       Nordstrom Rack's website advertises Bobby Roache Unisex Duomo

22 "Wayfarer" Sunglasses for sale for $48.75.  *See*

23 https://www.nordstromrack.com/shop/product/1129966/bobby-roache-unisex-

24 duomo-wayfarer-sunglasses.

25       13.       The House Outdoor Gear website advertises a pair of Granade

26 "Wayfarer" Sunglasses for $25.00.  *See* http://www.the-house.com/sunglasses-

27 mens-wayfarer.html.

28

-10-

14.     Lenskart advertises "Wayfarer" sunglasses made by various manufacturers at a variety of price points which include Vincent Chase as well as Ray-Ban.  *See* http://www.lenskart.com/sunglasses/frame-shape/wayfarer-sunglasses.html.

15.     Upon information and belief, Luxottica has not contested the use of "Wayfarer" by the above identified third parties nor other third party users which produce competing sunglasses described as "Wayfarers" for years.

16.     Upon information and belief, Luxottica has long allowed competitors and consumers to use the term "Wayfarer" as a generic name for a mid-century modern style of eyewear having trapezoidal lenses, a thick frame, and protrusions along the upper corners.

17.     Upon information and belief, the advertising public and media have and continue to use the word "Wayfarer" as a generic term for a mid-century modern style of eyewear having trapezoidal lenses, a thick frame, and protrusions along the upper corners.

18.     Upon information and belief, the general public understands the word "Wayfarer" to refer generally to a mid-century modern style of eyewear having trapezoidal lenses, a thick frame, and protrusions along the upper corners, and does not associate "Wayfarer" with any particular source.

## FIRST COUNTERCLAIM FOR RELIEF

19.     Web 4 Half re-alleges and incorporates by reference the allegations of paragraphs 1 through 18 of its counterclaim above.

20.     This is an action for a declaratory judgment of non-infringement of its alleged "wayfarer" mark and further relief against Luxottica pursuant to 28 U.S.C. 2201 and 2202.

21.     An actual controversy exists between Luxottica and Web 4 Half with respect to Luxottica's allegation of trademark infringement.

-11-

1    22.   Specifically, Luxottica contends that Web 4 Half's use of the term
2  "Wayfarer" infringes on Luxottica's alleged mark.

3    23.   Web 4 Half contends that the use of the term "Wayfarer" does not
4  infringe any enforceable mark of Luxottica and that Luxottica is not permitted to
5  restrict the use of the term "Wayfarer" because (a) the alleged mark is so common
6  as to be generic with respect to a mid-century modern style of eyewear having
7  trapezoidal lenses, a thick frame, and protrusions along the upper corners and (b)
8  Luxottica has failed to contest third party use of the term "Wayfarer" as a generic
9  term describing a mid-century modern style of eyewear having trapezoidal lenses, a
10  thick frame, and protrusions along the upper corners.

11    24.   Luxottica's allegations of infringement pose a threat to Web 4 Half's
12  business and have and will continue to harm Web 4 Half until such claims are
13  resolved.

14    25.   Web 4 Half has no adequate remedy at law and therefore seeks a
15  declaratory judgment pursuant to 28 U.S.C. §§ 2201–02 that Web 4 Half has not
16  infringed Luxottica's alleged "Wayfarer" mark.

17    26.   Web 4 Half additionally seeks any further relief deemed appropriate by
18  this Court pursuant to 28 U.S.C. § 2202.

19            **SECOND COUNTERCLAIM FOR RELIEF**

20    27.   Web 4 Half re-alleges and incorporates by reference the allegations of
21  paragraphs 1 through 26 of its counterclaim above.

22    28.   Luxottica is the registrant of record for "WAYFARER," U.S. Reg. No.
23  595,513.

24    29.   Web 4 Half believes that it has been and will continue to be irreparably
25  damaged by Luxottica's continued use and registration of this alleged mark for a
26  mid-century modern style of eyewear having trapezoidal lenses, a thick frame, and
27  protrusions along the upper corners because Luxottica has asserted the alleged mark
28  against Web 4 Half in this action.

-12-

30.     Web 4 Half believes it has been and will continue to be damaged by Luxottica's continued use and registration of the alleged mark in connection with a mid-century modern style of eyewear having trapezoidal lenses, a thick frame, and protrusions along the upper corners because the primary significance of the alleged mark is and/or has become the generic name for the good for which it is registered.

31.     Upon information and belief, the term "Wayfarer" is understood by the relevant public to be a generic term for a mid-century modern style of eyewear having trapezoidal lenses, a thick frame, and protrusions along the upper corners.

32.     Upon information and belief, Luxottica had actual knowledge prior to filing the Complaint in this action that "Wayfarer" means a mid-century modern style of eyewear having trapezoidal lenses, a thick frame, and protrusions along the upper corners.

33.     The term "Wayfarer" is generic within the meaning of Section 14 of the Lanham Act, 15 U.S.C. § 1064, when it is used in connection with a mid-century modern style of eyewear having trapezoidal lenses, a thick frame, and protrusions along the upper corners and is, therefore, unprotectable as a trademark for Luxottica's goods.

34.     Consequently, this Court should direct the United States Commissioner for Trademarks to cancel Luxottica's U.S. Trademark Registration No. 595,513 under 15 U.S.C. §§ 1064 and 1119.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Web 4 Half respectfully requests of the Court:

1.     That judgment be entered pursuant to 28 U.S.C. §§ 2201–02 that Web 4 Half has not infringed Luxottica's alleged "Wayfarer" mark;

2.     That judgment be entered pursuant to 15 U.S.C. §§ 1064 and 1119 that Luxottica's Trademark Registration No. 595,513 is invalid and that said mark be cancelled;

-13-

3. That judgment be entered in favor of Web 4 Half on all of Luxottica's claims for relief pleaded in this action and that Luxottica recover nothing from Web 4 Half;

4. That Luxottica's requests for preliminary and permanent injunctions be denied;

5. That Web 4 Half be awarded its attorneys' fees, costs and expenses pursuant to 15 U.S.C. § 1117;

6. For judgment that:

    a. Web 4 Half has not engaged in trademark infringement in violation of 15 U.S.C. § 1114;

    b. Web 4 Half has not engaged in false designation of origin in violation of 15 U.S.C. § 1125(a);

    c. Web 4 Half has not engaged in trademark dilution in violation of 15 U.S.C. § 1125(c);

    d. Web 4 Half has not engaged in trademark infringement in violation of the common law of the State of California; and

    e. Web 4 Half has not engaged in unfair competition arising under California Business & Professions Code § 17200; and

-14-

1         5.     That Web 4 Half be awarded such other and further relief as the Court

2    may deem just and proper.

3    Dated:  February 4, 2016

4                                   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5

6                      By                      *s/ Daniel N. Yannuzzi*
                                        DANIEL N. YANNUZZI
                                        KAYLA E. PAGE

7

8                                       Attorneys for Defendant
                                   WEB 4 HALF, LLC

9    OF COUNSEL

10   Christopher M. Thomas
     N.C. Bar No. 31834

11   christhomas@parkerpoe.com

12   Catherine R.L. Lawson
     N.C. Bar No. 44575

13   catherinelawson@parkerpoe.com

14   PARKER, POE, ADAMS & BERNSTEIN, LLP
     (Pro Hac Vice to be applied for shortly)

15   301 Fayetteville Street, Suite 1400

16   P.O. Box 389
     Raleigh, North Carolina 27602-0389

17   Telephone: 919-828-0564

18   Facsimile: 919-834-4564

19

20

21

22

23

24

25

26

27

28

-15-

**<u>DEMAND FOR JURY TRIAL</u>**

Defendant hereby demands a trial by jury on all claims, issues so triable.

Dated:  February 4. 2016

SHEPPARD. MULLIN. RICHTER & HAMPTON LLP

By          *s/ Daniel N. Yannuzzi*

DANIEL N. YANNUZZI
KAYLA E. PAGE

Attorneys for Defendant
WEB 4 HALF, LLC

OF COUNSEL
Christopher M. Thomas
N.C. Bar No. 31834
christhomas@parkerpoe.com
Catherine R.L. Lawson
N.C. Bar No. 44575
catherinelawson@parkerpoe.com
PARKER, POE, ADAMS & BERNSTEIN, LLP
(Pro Hac Vice to be applied for shortly)
301 Fayetteville Street, Suite 1400
P.O. Box 389
Raleigh, North Carolina 27602-0389
Telephone: 919-828-0564
Facsimile: 919-834-4564

-16-

1    **<u>CERTIFICATE OF SERVICE</u>**

2        I hereby certify the following:

3        I am over the age of 18 years and am not a party to the above-captioned

4    action. I am a registered user of the CM/ECF system for the United States District

5    Court for the Southern District of California.

6        On February 4, 2016, I electronically filed the foregoing document with the

7    Clerk of the Court using the CM/ECF system. To the best of my knowledge, all

8    counsel to be served in this action is registered CM/ECF users and will be served by

9    the CM/ECF system.

10       I declare under penalty of perjury under the laws of the United States that the

11   foregoing is true and correct.

12       Executed on February 4, 2016, in San Diego, California.

13

14                         */s/ Daniel N. Yannuzzi*

15                         DANIEL N. YANNUZZI

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-